**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| AMERICAN EX-PRISONERS OF WAR SERVICE FOUNDATION | * * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-05-2208 |
| AMERICAN EX-PRISONERS OF WAR, INC. | * * | |
| Defendant. | * | |
| | ***** | |

**MEMORANDUM OPINION**

Plaintiff, American Ex-Prisoners of War Service Foundation, Inc. ("Plaintiff" or "the Foundation") has brought this suit against American Ex-Prisoners of War, Inc. ("Defendant" or "American Ex-Prisoners of War"), seeking both declaratory and equitable relief. Currently pending before the Court is Defendant's Motion to Transfer this action to the Northern District of Texas, Fort Worth Division [10] pursuant to 28 U.S.C. § 1404(a). The Court has reviewed the entire record, as well as the Pleadings with respect to the instant motions. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant Defendant's Motion to Transfer.

**FACTUAL & PROCEDURAL BACKGROUND**

Defendant is a congressionally chartered corporation, incorporated under the laws of the state of Washington, with its principal places of business located in Arlington, Texas. Its enabling statute gives Defendant exclusive use of the name "American Ex-Prisoners of War" and the official American Ex-Prisoners of War emblem. Defendant is a membership organization whose members are former prisoners of war, former civilian internees and their next of kin.

In 1997, Defendant formed the Foundation, a New Mexico corporation with its principal

place of business in South Carolina, as a private non-profit organization.  Originally, the Defendant and the Foundation enjoyed an amicable relationship, and Defendant approved and consented to the Foundation's use of the name "American Ex-Prisoners of War" for its fund-raising and philanthropic activities.

At some point, the relationship between Plaintiff and Defendant became strained, as a result of a disagreement regarding their respective functions and activities.  For example, Defendant objected to Plaintiff's entry into contracts that allowed third parties to use the "American Ex-Prisoners of War" name.  Also, Defendant claimed that a newspaper published by the Plaintiff, the "American Ex-Prisoners of War Service Foundation Times," contained "degrading and negative comments about Defendant and Defendant's Officers."

In an effort to resolve these disputes, the parties entered into a Joint Resolution on March 22, 2002 (the "Agreement"), which would govern the continued use of the name "American Ex-Prisoners of War" in connection with Plaintiff's activities.  Even after the execution of the Agreement, Defendant remained displeased with the Foundation's fund-raising activities, and on April 27, 2005, Defendant sent a letter to Plaintiff, demanding that Plaintiff discontinue all use of the name "American Ex-Prisoners of War."  In response to this letter, Plaintiff filed suit in the Circuit Court of Montgomery County, requesting declaratory judgment and specific performance of the Agreement.

On August 12, 2005, Defendants filed a notice of removal based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1441 and 1446 (2005).  Defendant filed the instant Motion to Transfer the action on September 16, 2005.  This motion is ripe and ready for disposition.

## STANDARD OF REVIEW

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) is "to prevent the waste of time, energy, and money" and "to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). To prevail on a motion to transfer venue under § 1404, "the defendant must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Helsel v. Tishman Realty Constr. Co., Inc.,* 198 F. Supp. 2d 710, 711 (D. Md. 2002) (internal quotation omitted); *see also Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002); *Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994).

Deciding a motion to transfer venue under § 1404(a), the court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The host of convenience factors a court should consider include:

> (1) the plaintiff's choice of forum;
> (2) relative ease of access to sources of proof;
> (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses;
> (4) possibility of a view of the premises, if appropriate;
> (5) enforceability of a judgment, if one is obtained;
> (6) relative advantage and obstacles to a fair trial;
> (7) other practical problems that make a trial easy, expeditious, and inexpensive;
> (8) administrative difficulties of court congestion;
> (9) local interest in having localized controversies settled at home;
> (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and
> (11) avoidance of unnecessary problems with conflicts of laws.

*Brown v. Stallworth*, 235 F. Supp. 2d 453, 456 (D. Md. 2002) (quoting *Choice Hotels Int'l, Inc. v.*

*Madison Three, Inc.,* 23 F. Supp. 2d 617, 622, n.4 (D. Md. 1998) (internal citations omitted)). The decision whether to transfer venue is committed to the sound discretion of the trial court. *See Brock v. Entre Computer Centers, Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

## ANALYSIS

Weighing the factors listed above, the balance tips heavily in favor of transferring this suit to the Northern District of Texas.

A. **Plaintiff's Choice of Forum**

Although a court will show deference to a plaintiff's choice of forum, a court need not afford the choice as much weight when the "forum has no connection with the matter in controversy." *Dicken v. U.S.*, 862 F. Supp. 91, 92 (D. Md. 1994)(quoting *Mims v. Proctor & Gamble Distrib. Co.*, 257 F. Supp. 648, 657 (D.S.C. 1966)). In this case, the Court notes that none of the events occurred in Maryland and none of the parties reside or conduct business in Maryland. In light of these facts, Plaintiff's choice of forum is entitled to only limited deference.

B. **Access to Sources of Proof**

Furthermore, the parties would have greater access to sources of proof if this Court were to transfer this action to Texas. Defendant has headquarters in Arlington, Texas. In addition, Defendant has argued that documents relating to the events at issue are located in Texas. Opposing Defendant's motion, Plaintiff baldy asserts transfer would inure benefits to Defendant alone. Yet, Plaintiff has not advanced any argument as to the ease of access to sources of proof in Maryland. Because Plaintiff has not provided this Court with any facts to the contrary, this Court must agree that, as Defendant contends, the issues in the case will involve investigation, inspection and discovery relating to persons and documents located in Texas.

C.  **Witness Convenience and Access**

Furthermore, both parties agree that nearly all the potential witnesses in this case reside outside of Maryland. *See Cronos Containers, Ltd. v. Amazon Lines, Ltd.,* 121 F. Supp. 2d 461, 465 (D. Md. 2000) (ruling that transfer was proper where "key witnesses" reside in another district). Defendant has stated that its potential witnesses are located in Texas, Arizona, New Jersey, Missouri, Tennessee, Georgia, and Washington.  Again, Plaintiff has failed to allege that any potential witness reside in this district.  Plaintiff merely claims that Maryland may serve as a central location because witnesses from the following places may provide testimony: New York, Massachusetts, Tennessee, Florida, South Carolina, and Virginia.  In fact, all but one of *Plaintiff's own witnesses* live over 200 miles away from this district.  As Plaintiff's Complaint relates to an Agreement, executed in Texas, by the parties, located in Texas and South Carolina, Defendant's argument that many of the Texas-based witnesses it identifies are important to its defense is persuasive and militates in favor of transfer.

D.  **Other Interests**

Finally, the Court finds Plaintiff's other arguments opposing the transfer unpersuasive. Plaintiff has not attempted to demonstrate to this Court why venue is proper in Maryland.  The Court finds that this controversy is not local in nature.  Both the parties and their witnesses would have to travel to participate in a trial in Maryland.  Moreover,  Maryland law does not govern the action. Given the substantial connections this case has with Texas as compared to the tenuous connections with Maryland, the Court will exercise its discretion to transfer this case to the Northern District of Texas.

## **CONCLUSION**

For all of the aforementioned reasons, the Court will GRANT Defendant's Motion to Transfer [10], finding that the "interests of justice" would be better served by transferring the action to the Northern District of Texas. In addition, the equitable factors weigh in favor of such a transfer. Therefore, this Court will transfer this action to the Northern District of Texas, Fort Worth Division. An Order consistent with this Opinion will follow.

Date: October 18, 2005                              /s/
                                                Alexander Williams, Jr.
                                                United States District Court